

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:11-CR-304 |
| | ) | |
| v. | ) | <u>Counts 1 through 9</u>:  18 U.S.C. § 1343 |
| | ) | (Wire Fraud) |
| | ) | |
| JEFFERY K. ARMSTRONG, | ) | |
| | ) | |
| Defendant. | ) | **UNDER SEAL** |
| | ) | |
| _____ | ) | |

**INDICTMENT**

<u>June 2011 Term - At Alexandria</u>

THE GRAND JURY CHARGES THAT:

**GENERAL ALLEGATIONS**

At all times relevant to this Indictment:

1.      From in or about 2004 to in or about March 2008, Defendant JEFFERY K. ARMSTRONG was a full-time employee of the United States Department of Defense in Virginia. From in or about December 2005 through in or about March 2008, ARMSTRONG held the position of supervisory security specialist in the Department of the Army, a subdivision of the Department of Defense.

2.      In or about March 2008, ARMSTRONG sought and received approval from the Department of Defense to complete a one-year detail to the United Nations (UN) in New York City, New York. The UN was an international non-profit organization committed to global peace-keeping and humanitarian efforts. ARMSTRONG was not paid by the Department of Defense during his detail to the UN, and ARMSTRONG did not disclose to the UN that he remained an employee of the

Department of Defense.

3.      ARMSTRONG began work at the UN on or about March 23, 2008, as an Assistant Chief of the Security and Safety Service within the Department of Safety and Security. As Assistant Chief, Armstrong was responsible for all physical security of UN facilities in New York City, among other functions. ARMSTRONG oversaw the authorization for and issuance of access badges, and provided oversight for uniformed security officers stationed throughout the UN complex.

4.      In or about July 2008, ARMSTRONG signed a commitment extension with the UN, extending his term of service through on or about March 23, 2010. ARMSTRONG did not notify the Department of Defense of the extension.

5.      ARMSTRONG remained on the UN payroll from in or about March 2008 through in or about September 2009. ARMSTRONG received an annual salary of approximately $160,000 from the UN.

6.      On or about February 18, 2009, ARMSTRONG submitted an electronic employment application to the National Labor Relations Board (NLRB), an agency within the executive branch of the United States Government. ARMSTRONG sought the position of the Chief of the Security Branch within the Division of Administration.

7.      On or about March 3, 2009, the Department of Defense notified ARMSTRONG that his one-year approved detail to the UN was scheduled to end on April 7, 2009.

8.      On or about March 31, 2009, ARMSTRONG accepted an offer of employment from the NLRB.

9.      On or about April 11, 2009, the Department of Defense terminated ARMSTRONG's employment at his request so ARMSTRONG could accept a position with NLRB.

10. On or about April 12, 2009, ARMSTRONG was appointed as Chief of the Security Branch at NLRB. The next day, on or about April 13, 2009, ARMSTRONG began a period of continuous employment at the NLRB with an annual salary of approximately $121,000.

11. From on or about April 12, 2009, through on or about September 30, 2009, ARMSTRONG remained on the payroll of both the NLRB and the UN.

## COUNTS ONE THROUGH NINE
### 18 U.S.C. § 1343
### Wire Fraud

THE GRAND JURY CHARGES THAT:

12. Paragraphs 1 through 11 are incorporated by reference herein.

13. From February 2009 through September 2009, in the Eastern District of Virginia and elsewhere, Defendant JEFFERY K. ARMSTRONG, knowingly and with the intent to defraud did devise and intend to devise a scheme and artifice to defraud and to obtain money and property, by means of false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

## PURPOSE OF THE SCHEME

14. The purpose of the scheme was for ARMSTRONG to enrich himself by receiving over $100,000 in salary payments from the UN and the NLRB during a period in which he was an employee of both entities and in which he took affirmative steps to conceal from such entities the fact of his concurrent employment.

## MANNER AND MEANS OF THE SCHEME

The scheme was carried out in the following ways, among others, in the Eastern District of Virginia and elsewhere:

-3-

15.    It was a part of the scheme that, in order to obtain full-time salary from both the UN and the NLRB, ARMSTRONG purported to be on medical leave from the UN, while, in fact, he was working full time at NLRB.

16.    It was a further part of the scheme that, in order to induce continued payment of his UN salary, ARMSTRONG submitted medical leave documentation to the UN, indicating that he was unable to work and was undergoing medical treatment, despite his full-time employment at the NLRB.

17.    It was a further part of the scheme that ARMSTRONG misled NLRB personnel regarding his continued employment at the UN, including dissuading NLRB personnel from contacting his supervisor at the UN, submitting incomplete or inaccurate employment forms, and causing to be mailed to the NLRB false correspondence suggesting that ARMSTRONG no longer worked at the UN.

18.    It was a further part of the scheme that ARMSTRONG knowingly and deliberately failed to inform his superiors at the NLRB and the UN that he was concurrently employed and receiving a salary from both entities.

19.    It was a further part of the scheme that when ARMSTRONG's supervisors at the UN and NLRB learned of his dual employment in or about September and October 2009, ARMSTRONG sought to conceal his fraudulent conduct by falsely claiming that he provided a verbal resignation to his UN supervisor in or about March or April 2009, prior to commencing work at the NLRB.

## EXECUTION OF THE SCHEME TO DEFRAUD

20.    For the purpose of executing and attempting to execute the scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and

promises, in the Eastern District of Virginia and elsewhere, on or about the dates listed below,

Defendant JEFFERY K. ARMSTRONG did knowingly transmit and cause to be transmitted

writings, sounds, and signals by means of wire in interstate commerce, as set forth in the following

counts:

| Count | Interstate Wire Communication | Approximate Date |
|-------|-------------------------------|------------------|
| 1 | Electronic funds transfer in the amount of $10,788.25 from UN bank account at Chase Bank NA in New York, NY, to ARMSTRONG's designated direct deposit account at Navy Federal Credit Union in Merrifield, VA | 4/29/2009 |
| 2 | Fax transmission from Fairfax, Virginia, to UN in New York, NY, concerning ARMSTRONG's medical status | 5/13/2009 |
| 3 | Electronic funds transfer in the amount of $10,788.25 from UN bank account at Chase Bank NA in New York, NY, to ARMSTRONG's designated direct deposit account at Navy Federal Credit Union in Merrifield, VA | 5/28/2009 |
| 4 | Electronic funds transfer in the amount of $4,832.18 from UN bank account at Chase Bank NA in New York, NY, to ARMSTRONG's designated direct deposit account at Navy Federal Credit Union in Merrifield, VA | 6/26/2009 |
| 5 | Fax transmission from Fairfax, Virginia, to UN in New York, NY, concerning ARMSTRONG'S medical status | 7/14/2009 |
| 6 | Electronic funds transfer in the amount of $16,744.32 from UN bank account at Chase Bank NA in New York, NY, to ARMSTRONG's designated direct deposit account at Navy Federal Credit Union in Merrifield, VA | 7/30/2009 |
| 7 | Fax transmission from Fairfax, Virginia, to UN in New York, NY, concerning ARMSTRONG's medical status | 8/18/2009 |
| 8 | Electronic funds transfer in the amount of $10,788.25 from UN bank account at Chase Bank NA in New York, NY, to ARMSTRONG's designated direct deposit account at Navy Federal Credit Union in Merrifield, VA | 8/28/2009 |

| Count | Interstate Wire Communication | Approximate Date |
|-------|-------------------------------|------------------|
| 9 | Electronic funds transfer in the amount of $10,788.25 from UN bank account at Chase Bank NA in New York, NY, to ARMSTRONG's designated direct deposit account at Navy Federal Credit Union in Merrifield, VA | 9/29/2009 |

(All in violation of Title 18, United States Code, Section 1343)

DATED this _____ day of June, 2011

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
Foreperson

NEIL H. MACBRIDE
United States Attorney
Eastern District of Virginia

By: _____
Karen L. Dunn
Assistant United States Attorney

JACK SMITH
Chief
Public Integrity Section
Criminal Division
United States Department of Justice

By: _____
Eric G. Olshan
Trial Attorney
Special Assistant United States Attorney

-6-