IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:11CR304 |
| | ) | |
| JEFFERY K. ARMSTRONG, | ) | |
| | ) | Hon. Gerald Bruce Lee |
| Defendant. | ) | |

UNITED STATES' MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE

The United States, through undersigned counsel, hereby moves the Court in limine for an order excluding argument and evidence related to defendant Armstrong's claims of a hostile work environment and any references to the September 11, 2001, attacks on our Nation.

FACTS

On June 28, 2011, defendant Armstrong was charged by a Grand Jury with nine counts of wire fraud. The Indictment alleges that between February 2009 and September 2009 defendant Armstrong sought to enrich himself by receiving over $100,000 in salary payments from the United Nations (UN) and the National Labor Relations Board (NLRB) during a time when he was an employee of both entities, taking steps to conceal from each entity the fact of his dual employment. The Indictment further alleges that as part of the defendant's scheme to defraud, he purported to be on medical leave from the UN when in fact he was working at the NLRB and submitting medical leave documentation to the UN indicating that he was unable to perform his job responsibilities there. The nine counts of wire fraud with which defendant Armstrong is charged reflect salary deposits from the UN into the defendant's bank accounts and fax transmissions to the UN related

to his medical status.

## ARGUMENT

The United States anticipates that defendant Armstrong may attempt to excuse his actions by introducing argument and evidence suggesting that he was subjected to a hostile work environment during his employment with the UN, NLRB, or both. To that end, defendant Armstrong may seek to question witnesses from both entities, including his former superiors, whom the government may call during its case-in-chief, in an effort to establish the existence of hostile work environments. Because any such argument and evidence has no bearing on any witness's personal bias and, ultimately, whether defendant Armstrong committed wire fraud, the Court should exclude it as irrelevant.

Additionally, defendant Armstrong may seek to reference his work with FEMA in the weeks following September 11, 2001, in the course of discussing his 2009 requests for medical leave from the UN. Any such references are irrelevant as the attacks on September 11, 2001, have nothing to do with whether the defendant committed wire fraud and would only cause the jury to be influenced by sympathies having no bearing on the merits of the case.

I. Evidence to Support a Claim of a Hostile Work Environment Is Irrelevant

Any evidence related to a purportedly hostile work environment should be excluded as a general matter as it is not relevant to whether defendant Armstrong committed wire fraud. The jury must determine simply whether defendant Armstrong engaged in a scheme or artifice to defraud, through the use of interstate wires, when he allegedly misled the NLRB and UN during an approximately six-month period of time in which he drew a salary from both entities. Under Federal

Rule of Evidence 401, whether a hostile work environment existed at either entity does not "have any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable" and thus should be excluded. Fed. R. Evid. 401; see Fed. R. Evid. 611(a) (the court shall exercise "reasonable control over the mode and order of interrogating witnesses" to "avoid needless consumption of time" and "protect witnesses from harassment or undue embarrassment"); Olden v. Kentucky, 488 U.S. 227, 231 (1988) (trial court retains "'broad discretion'" to "preclude repetitive and unduly harassing interrogation" of a witness (internal quotation marks and citation omitted)); Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant.").

Nor should defendant Armstrong be permitted to question witnesses about their purported roles in creating any hostile work environment in an effort to challenge the witnesses' credibility. This line of questioning, again, is irrelevant and thus excludable. See Fed. R. Evid. 401, 402. In analogous situations, courts have permitted routine questioning regarding a witness's personal bias, while excluding as improper broader inquiries similar to the ones defendant Armstrong may raise here. See, e.g, United States v. Watson, 409 F.3d 458, 463-64 (D.C. Cir. 2005) (evidence regarding officer's alleged racial profiling was "not readily apparent" and probative value was "substantially outweighed by the threat of undue delay or confusion of the issues inherent in a drawn-out inquiry" into the history of the officer's arrests); United States v. Bryant, 5 F.3d 474, 476 (10th Cir. 1993) (defense allowed to question government witness about whether that witness possessed racial bias but prohibited from inquiring into broader racial discrimination as a means of demonstrating

selective prosecution); United States v. Tran, No. 10-60600, 2011 U.S. App. LEXIS 12761, at *18-19 (5th Cir. June 21, 2011) (unpublished) (upholding trial court's decision to prohibit questioning of government witnesses regarding racial discrimination as the basis for prosecution and noting that such questioning is distinct from questioning relating to bias on the part of individual witnesses); Aguilar v. CH2M Hill Hanford Grp., Inc., 223 Fed. App'x 744, 746 (9th Cir. 2007) (unpublished) (plaintiff properly allowed to question defense witness about witness's personal bias but could not introduce anecdotal evidence of discrimination at plaintiff's worksite prior to defendant becoming plaintiff's employer). As such, the Court should limit any questioning regarding the existence or creation of a hostile work environment at either the UN or NLRB, permitting only those questions which may bear on an individual witness's personal bias toward defendant Armstrong.

    II.    <u>References to the September 11, 2011, Terrorist Attacks Are Irrelevant and the Resulting Prejudice Would Substantially Outweigh Any Probative Value</u>

Defendant Armstrong's security work for FEMA in New York City in the weeks following the terrorist attacks of September 11, 2001, is irrelevant to the case at bar, which arises from events that occurred over seven years later in 2009. As with arguments regarding the existence of a hostile work environment at NLRB and the UN, defendant Armstrong's service in New York City similarly would have no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401, 402. While defendant Armstrong may argue that his security work in the aftermath of September 11, 2001, was the basis of a medical injury for which he sought leave from the UN in 2009, it has no bearing on whether he committed wire fraud when he engaged in dual employment.

References to defendant Armstrong's FEMA assignment following the attacks also should

be excluded because the dangers of unfair prejudice and confusion of the issues are great while the probative value is nonexistent. See Fed. R. Evid. 403; United States v. Bryson, 105 Fed. App'x 470, 474 (4th Cir. 2004) (holding in the context of a Rule 403 analysis that evidence concerning the defendant's comment about the Oklahoma City bombing was "a sensitive subject matter, made even more sensitive by the events of September 11, 2001"); United States v. Mohamed, 410 F. Supp. 2d 913, 917 (S.D. Cal. 2005) (noting, in prohibiting defense from questioning government agent about his potential bias, that "distraction and confusion are bound to occur as a result of the public's consumption of matters surrounding national and international post-9/11 war on terrorism activities").

Indeed, there is ample precedent of courts excluding similar evidence or testimony when it could "cause the jury to be influenced by sympathies having no bearing on the merits of the case." See, e.g., United States v. Paccione, 949 F.2d 1183, 1201 (2d Cir. 1991) (upholding district court's decision in fraud case to exclude testimony that defendant's son had cerebral palsy and that defendant had devoted his life to caring for son, noting that it "had no bearing on his honesty or integrity"); United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming trial court's decision in fraud case to exclude evidence of defendant's military commendations because they were "hardly pertinent" to the crimes of which [defendant] stood accused").[1] Moreover, references to the

---

[1] To the extent that references to September 11, 2001, may be viewed by this Court as an attempt at jury nullification, the law is clear that any such attempt is highly improper and should be blocked by the trial court. See, e.g., United States v. Trujillo, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath."); see also United States v. Perez, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly."); United States v. Bruce, 109 F.3d 323,

attacks of September 11, 2001, would be particularly likely to influence the sympathies of jurors in the Eastern District of Virginia, given the proximity of the attack on the Pentagon and the government's response. As such, the Court should preclude defendant Armstrong from referencing the attacks.

## CONCLUSION

The United States respectfully requests that the Court grant the government's motion to exclude evidence related to any claim by the defendant that he was subject to a hostile work environment and any reference to the September 11, 2001, attacks on our Nation.

Respectfully submitted,

Neil H. MacBride
United States Attorney

_____/s/_____
Karen L. Dunn
Assistant United States Attorney

_____/s/_____
Eric G. Olshan
Special Assistant United States Attorney

Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

---

327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quoting United States v. Anderson, 716 F.2d 446, 450 (7th Cir. 1983)); Scarpa v. Dubois, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); United States v. Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either the court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."). Defendant Armstrong, however, would be free to raise his service to the United States in other phases of the proceedings (e.g., sentencing).

Tel: (703) 299-3700
Fax: (703) 299-3980
karen.dunn@usdoj.gov
eric.olshan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

_____/s/_____
Karen L. Dunn
Assistant United States Attorney


_____/s/_____
Eric G. Olshan
Special Assistant United States Attorney

Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3980
karen.dunn@usdoj.gov
eric.olshan@usdoj.gov